# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| SABRINA LOMBARDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:15-cv-00152-SLC |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| *Acting Commissioner of SSA*, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Sabrina Lombardo brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (DE 1). On February 3, 2016, pursuant to a stipulation by the parties, this Court entered an Order that reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (DE 19-DE 21).

Lombardo's attorney, Ann Trzynka, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $7,266 for her representation of Lombardo in federal court. (DE 26). The Commissioner has not filed a response to the motion, and her time to do so has now passed. N.D. Ind. L.R. 7-1(d)(2)(A). Therefore, the motion is ripe for ruling. For the following reasons, Trzynka's motion for attorney fees will be GRANTED, subject to an offset explained herein that will reduce her fee to $1,266.

### A. *Factual and Procedural Background*

On June 11, 2015, Trzynka entered into a contingent fee agreement with Lombardo for

her representation of Lombardo in federal court.¹ (DE 26-5). The agreement provided that Tryznka would "charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to [Lombardo's] family and [Lombardo] in the event [her] case is won." (DE 26-5 (emphasis omitted)).

On June 15, 2015, Lombardo filed the instant action with this Court, appealing the Commissioner's denial of her application for disability benefits. (DE 1). On February 2, 2016, the Commissioner filed an agreed motion for reversal, reporting that the parties had stipulated to a remand of the case for further administrative proceedings. (DE 19). The next day, the Court entered an Order reversing the Commissioner's decision and remanding the case to the Commissioner. (DE 20; DE 21).

On March 4, 2016, Lombardo filed a request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for the 33.3 hours that Trzynka spent advocating her claim in federal court. (DE 22). Pursuant to the parties' subsequent stipulation, the Court granted Lombardo an EAJA fee award of $6,000. (DE 23; DE 24).

On September 11, 2018, the Commissioner sent a notice of award to Lombardo, explaining that Lombardo was entitled to monthly disability benefits beginning March 2013 and past-due benefits in the amount of $29,064. (DE 26-4 at 3). The notice further explained that the Commissioner had withheld 25% of Lombardo's past-due benefits, that is, $7,266, to pay Lombardo's attorney and that any remainder after doing so would be sent to Lombardo. (DE 26-4 at 3).

Within five months, that is, on February 19, 2019, Trzynka filed the instant motion

---

¹ The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

seeking fees under § 406(b) in the amount of $7,266 for the 33.3 hours she spent advocating Lombardo's appeal in federal court. (DE 26).

## *B. Legal Standard*

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA,[2] the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. 42 U.S.C. § 406(a); *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a). There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[3] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2018).

---

[2] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[3] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received. *Id.* (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted).

## C. Discussion

The Court is charged with determining whether Trzynka's requested fee of $7,266 under the contingent fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of [Lombardo's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). The notice of benefits from the Commissioner indicates that Lombardo was awarded $29,064 in past-due benefits. (DE 26-4 at 3). Thus, the fee amount that Trzynka requests, $7,266, does not exceed 25 percent of Lombardo's past-due benefits.

Trzynka contends that her requested fee award of $7,266 is reasonable for the 33.3 hours she spent representing Lombardo in federal court. She emphasizes that: (1) she achieved a good result for Lombardo; (2) she provided Lombardo with effective and efficient representation; and

4

(3) the requested fee reflects the contingent nature of the recovery. (DE 26-1 at 3-5).

Trzynka did obtain a good result for Lombardo and provided her with quality representation. *See Gisbrecht*, 535 U.S. at 808; *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client). In doing so, Tryznka did not request any extensions of time, and thus she did not contribute to any delay of the case. *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits). Having said that, this case was not particularly complex, as Trzynka advanced three relatively-routine arguments on appeal.[4] *See Schaffner v. Comm'r of Soc. Sec.*, No. 1:07-cv-00567, 2010 WL 3894580, at *2 (S.D. Ohio Sept. 7, 2010) (considering when discounting a lawyer's § 406(b) fee request that the legal work performed, while not entirely "boilerplate," was relatively straightforward and routine, requiring no extensive legal analysis); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006) (discounting requested § 406(b) fee where "the issues briefed in the summary judgment motion were neither novel nor complex").

Tryznka also emphasizes that she incurred a substantial risk of loss in taking Lombardo's case. Tryznka relays statistics indicating that between 2005 and 2010 federal district courts affirmed approximately 50% of the appealed administrative decisions denying a claimant's disability benefits, and that in fiscal year 2017, 47% of cases were approved at the administrative

---

[4] On appeal, Lombardo challenged the weight the ALJ applied to the treating doctor's opinion, the residual functional capacity assigned by the ALJ and the ALJ's consideration of the vocational findings, and the ALJ's discounting of Lombardo's symptom testimony. (DE 14 at 7-20).

law judge level. (DE 26-1 at 4 (citing *Aspects of Disability Decision Making*, Social Security Advisory Board, July 2012, Chart 65.2; *Social Security Administration FY2019 Congressional Justification* p. 206, Table 3.49-FY 2017 Workload Data Disability Appeals)); *see generally Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under § 406(b)); *Crawford v. Astrue*, 586 F.3d 1142, 1145 (9th Cir. 2009) (considering Social Security advisory board statistics in a § 406(b) fee analysis); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements.").

Here, Trzynka's requested fee of $7,266 divided by the 33.3 hours she spent on the case in federal court equates to an effective rate of about $219 per hour.[5] As such, Trzynka's requested fee reflects an effective rate that falls well below many of the previous awards approved by this Court. *See, e.g.*, *Rorick v. Colvin*, No. 1:11-CV-00037, 2014 WL 3928488 (N.D. Ind. Aug. 12, 2014) (awarding fee equating to $653.79 per hour); *Harris v. Colvin*, No. 1:11-CV-00405, 2014 WL 3899312 (N.D. Ind. Aug. 11, 2014) (awarding fee equating to $647.61 per hour); *Duke v. Astrue*, No. 1:07-CV-00188, 2010 WL 3522572 (N.D. Ind. Aug. 30,

---

[5] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding."). Tryznka argued in her supporting memorandum that her requested effective hourly rate is reasonable; consequently, rather than endorsing a strict lodestar approach, the Court is merely responding to Tryznka's argument concerning his proposed effective rate and considering it as one factor in the analysis. *See Gisbrecht*, 535 U.S. at 807 n.17 (emphasizing that the attorney bears the burden to persuade the Court that the requested fee is reasonable).

2010) (awarding fee equating to $549.14 per hour).

Accordingly, Tryznka's requested fee award under § 406(b) will be authorized by this Court, but will incorporate an offset for the $6,000 in EAJA fees that Tryznka already recovered, reducing the fee award to $1,266. (DE 26-1 at 4, 6) (acknowledging that the § 406(b) award is reduced by the EAJA award of $6,000)); *see Gisbrecht*, 535 U.S. at 796.

### *D. Conclusion*

For the foregoing reasons, Tryznka's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (DE 26) is GRANTED, except that her requested fee of $7,266 is reduced to $1,266 to offset her prior award of EAJA fees in the amount of $6,000.

SO ORDERED.

Entered this 25th day of March 2019.

/s/ Susan Collins<br>
Susan Collins<br>
United States Magistrate Judge